

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LIN LIN,

                                                    Petitioner,

v.

WARDEN JEREMY CASEY,

                                                    Respondent.

Case No.:  3:26-cv-02493-RBM-AHG

**ORDER DISMISSING PETITION ON SCREENING AS MOOT**

**[Doc. 1]**

On April 16, 2026, Petitioner Lin Lin ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  That same day, Petitioner also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Doc. 2) and a Motion for Appointment of Counsel (Doc. 3).

On April 25, 2026, and before this Court issued an order in this action, Respondents filed a Notice of Execution of Removal Order.  (Doc. 4.)  In the Notice, Respondents inform the Court that United States Immigration and Customs Enforcement ("ICE") executed Petition's final order of removal and Petitioner was removed from the United States to China on April 15, 2026.  (*Id*. at 1.)  For the reasons set forth below, the Petition is **DISMISSED AS MOOT**.

1

## I.    LEGAL STANDARD

The Court must first screen habeas corpus petitions to determine whether they are subject to summary dismissal.  *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019) [hereinafter "Habeas Rules"]; *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254.").  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Habeas Rule 4, or "where the allegations in the petition are vague or conclusory."  *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citation omitted).

To survive screening , the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government.  *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up).  A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  The dismissal does not bar the petitioner from seeking habeas relief in the future.  *Sanders v. United States*, 373 U.S. 1, 8 (1963).

## II.    DISCUSSION

Petitioner challenges his immigration detention as prolonged in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 at 4–6; Doc. 1-2 at 2.)  Respondents assert that Petitioner's removal on April 15, 2026, the day before the Petition was received by the Court, rendered the Petition moot.  (Doc. 4 at 1 & n.1.)

District courts have the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28

2

U.S.C. § 2241(c)(3). Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Courts do not have jurisdiction "where no actual or live controversy exists." *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). An action becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A habeas petition continues to present a live controversy if "some concrete and continuing injury" remains. *Id.* In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . , there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007). But "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

In this case, Petitioner requests his release from ICE custody because he has been detained "for over 13 months, well over the reasonable amount of time required" to effectuate his removal from the United States. (Doc. 1-2 at 1; *see* Doc. 1 at 4–6 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).) As Petitioner was removed to China on April 15, 2026 (*see* Doc. 4 at 1), he is no longer in ICE custody and "the successful resolution of [Petitioner's] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. As such, there is no actual injury likely to be redressed by a ruling in Petitioner's favor. The Court therefore finds that no case or controversy exists and Petitioner's claims have become moot. *See Abdala*, 488 F.3d at 1064–65 (holding a habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" where the petitioner's removal "thereby cur[ed] his complaints about the length of his [immigration] detention"). Accordingly, the Petition fails to meet the screening requirements for a habeas petition, summary dismissal is required.

3

### III.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **DISMISSED AS MOOT**. In light of this disposition, Petitioner's IFP Application (Doc. 2) and Motion for Appointment of Counsel (Doc. 3) and are **DENIED AS MOOT**.  The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

DATE:  April 28, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-02493-RBM-AHG